FLEMING v. PARSONS, ADMRX.; BUCKEYE UNION CASUALTY CO.,
APPELLANT; PIONEER MUT. CASUALTY CO., APPELLEE.

(No. 385—Decided March 30, 1965.)

*Messrs. Drinkle & Martin,* for appellant.
*Mr. William C. Ailes,* for appellee.

McLAUGHLIN, J. This appeal on questions of law is from
a judgment finding issues of coverage in favor of Pioneer Mu-
tual Casualty Company under a certain Financial Responsibil-
ity Bond and against Buckeye Union Casualty Company under
a certain standard automobile insurance policy.

Plaintiff is a judgment creditor of the tortfeasor's estate
in the amount of $5,000 which remained unpaid for thirty days.
A supplemental petition named Pioneer and Buckeye as insur-
ance carriers and alleged coverage by both and each.

Buckeye by answer admitted coverage, confessed judg-
ment for half, or $2,500, and claimed that by virtue of an "Other

Insurance Pro-rata'' clause in its policy, the obligation should be equally divided by Pioneer.

Pioneer by answer disclaimed any liability by reason of being a surety on its Financial Responsibility Bond, and, in the alternative, that if its contract in legal effect was insurance then it was excused from liability by virtue of an "excess-protection" clause in its contract.

The matter was submitted upon an agreed statement of facts with both contracts attached as exhibits. The contract of Pioneer, Exhibits ''B'' and ''C,'' consisted of the bond and the application therefor.

The trial court put the whole obligation on Buckeye and relieved Pioneer of paying any part of it.

Buckeye appeals and assigns two errors:

1. The Common Pleas Court committed error prejudicial to defendant-appellant in granting judgment against defendant-appellant for the full amount of the prayer of the amended supplemental petition of plaintiff.

2. The Common Pleas Court committed error prejudicial to defendant-appellant by refusing to enter judgment against defendant-appellee for one-half of the amount of the prayer of the amended supplemental petition of plaintiff.

The first issue for our determination is whether the Pioneer contract is, in legal effect, insurance. If it is not insurance then Pioneer has no obligation and Buckeye alone must respond and pay the full amount. If it is insurance then we have the task of declaring the respective coverages as between Buckeye and Pioneer.

## I.

The Pioneer Financial Responsibility Bond is a contract. As such it may be, in legal effect, insurance. See *State, ex rel., Duffy, Atty. Genl.,* v. *Western Auto Supply Co.,* 134 Ohio St. 163. The second paragraph of the syllabus sets forth an apropos definition of liability insurance:

''2. Insurance, as related to property and liability, is a contract by which one party promises, upon a consideration, to compensate or reimburse the other if he shall suffer loss from a specified cause, or to guarantee or indemnify or secure him against loss from that cause.''

The Pioneer contract fits that definition. It indemnifies

this judgment creditor as much as Buckeye or any other standard automobile insurance. Pioneer is liable under it direct to this judgment creditor. Pioneer like Buckeye has no right of reimbursement against the tortfeasor or its estate. Pioneer like Buckeye cannot defend on the ground of insolvency of the tortfeasor or its estate. Both Pioneer and Buckeye must qualify under the same sections of the Revised Code (Chapter 3929) to do Ohio business.

Undoubtedly we have here a situation where, but for the policy of Buckeye, Pioneer would provide the only coverage, and vice versa.

We, therefore, hold that in this situation the Pioneer contract is insurance and comes within the meaning of "other insurance" as that term is used in the Buckeye and other standard policies. This is a clear case of dual or double insurance.

## II.

The next question is whether this loss must be borne by Buckeye alone or apportioned between Buckeye and Pioneer.

The Buckeye coverage provides this standard "other insurance pro-rate" provision:

"Other Insurance: If the insured has other insurance against a loss covered by Part I of this policy the company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible insurance against such loss; * * *."

The Pioneer coverage provides this "excess" provision:

"If there exists, at the time of the accident, any insurance taken out by the principal * * * under the terms of which the principal is entitled to protection and coverage, then the coverage provided by the bond shall be excess protection over and above the amount of such insurance."

No "excess provision" is in Buckeye and no "pro rata" provision is in Pioneer.

The dispute narrows to the *"other insurance-pro rata"* clause of Buckeye vs. the *"excess protection"* clause of Pioneer. In short, pro rata vs. excess.

At first blush, two Ohio cases seem to be dispositive of our problem here. See *Trinity Universal Ins. Co. v. General Accident, Fire & Life Assur. Corp., Ltd.,* 138 Ohio St. 488, and

*Motorists Mutual Ins. Co.* v. *Lumbermens Mutual Ins. Co.,* 1 Ohio St. 2d 105. We refer to the former as *Trinity* and the latter as *Lumbermens.* Both *Trinity* and *Lumbermens* were cases involving the issue of pro-rata vs. excess.

*Trinity* decided that the vehicle-owner's policy was primary as against the land-premises policy which was excess only.

*Lumbermens* decided that the vehicle-owner's policy is primary and the driver's policy is excess only.

In our opinion, *Trinity* and *Lumbermens* must be distinguished from the case at bar. The coverages in *Trinity* were issued to two different persons or legal entities; likewise, coverages in *Lumbermens* were issued to two different persons or legal entities. In the instant case Buckeye covered "Dennis Parsons" and Pioneer covered "Dennis D. Parsons," and the agreed statement of facts says that they "were one and the same persons."

The two policies involved in *Trinity* were not issued to the same person and each of those two policies had a separate and different named insured; likewise, the two policies involved in *Lumbermens* were not issued to the same person but each had a separate and different named insured.

In the case at bar, the two policies involved here were issued to the same person, had the same named insured, and covered the same risk with the same limits.

In *Lumbermens,* Judge Brown quotes with approval from an article on the subject by Henry E. Barksdale in Insurance Counsel Journal, January 1965, thus:

"The rule of thumb that insurance on the car is primary—that on the driver is excess has been long recognized by most insurance companies. *To use a shorter term—insurance follows the car.*" (Our emphasis.)

In the instant case the coverage of both Buckeye and Pioneer follows the same car and were issued to the same person.

Judge Brown also quotes from the case of *American Automobile Ins. Co.* v. *Republic Indemnity Co. of America,* 52 Cal. 2d 507, 341 P. 2d 675, wherein it is stated at page 513:

"* * * The only construction of the 'other insurance' clause under which both its parts will be meaningful is that the *excess* provision alone controls in every situation which falls

within its terms, such as when a person is driving the car of another and both the driver and the owner have insurance, *and that the prorate provision alone governs in all other situations, for example, when more than one policy has been issued to the same person. * * *''* (Emphasis added in part.)

The case at bar is a situation where more than one policy has been issued to the same person.

On the concept of specific vs. general, we cannot determine here that either Buckeye or Pioneer is more specific than the other.

On the concept of drivers vs. vehicle-owners, we cannot determine any difference in coverage since both Buckeye and Pioneer cover the same person who was both driver and vehicle-owner.

The basic principle back of *Trinity, Lumbermens,* and the case law generally, is that there must be primary insurance before there can be effective excess insurance. This has been stated in various ways.

''Before either policy can ride as excess insurance, the other must be made to walk as primary insurance,'' and ''A policy cannot ride as excess insurance in the absence of another policy of primary insurance.''

''The very word excess implies a forerunner of primary insurance.''

We, therefore, conclude that the ''excess'' clause in Pioneer is inoperative and cannot stand as against the ''pro-rata'' clause in Buckeye, and that full force and effect must be given to such pro-rata clause in Buckeye.

In summary, upon the first issue presented in this case, we find that the Financial Responsibility Bond of Pioneer is automobile liability insurance and constitutes ''other insurance'' as that term is used in Buckeye.

On the second issue presented in this action, we find the obligations of Buckeye and Pioneer under the terms of their respective contracts of liability ''insurance'' to be as claimed by Buckeye, and each company has the obligation to share pro-rata and equally in the liability to this judgment creditor and pay one-half the costs of this entire action.

*Judgment reversed.*

RUTHERFORD, P. J., and VAN NOSTRAN, J., concur.