KERR, APPELLANT, *v.* PERSONAL SERVICE INSURANCE Co.,
APPELLEE.

[Cite as Kerr v. Personal Service Ins. Co. (1975),
44 Ohio App. 2d 1.]

(No. 33751—Decided February 13, 1975.)

*Mr. Paul Mancino, Jr.,* for appellant.
*Mr. Wallace A. Jenkins,* for appellee.

MANOS, J. To retain his driver's license and car regis-
tration, the State of Ohio required plaintiff-appellant Ross
Kerr to file proof of financial responsibility. R. C. 4509.45
provides that financial responsibility may be evidenced by

either a certificate of insurance or a bond. In compliance with this statute Mr. Kerr purchased an instrument titled ''Financial Responsibility Bond'' from defendant-appellee Personal Service Insurance Co.

On March 25, 1972 Mr. Kerr was injured in an automobile accident with an uninsured motorist. The plaintiff brought suit against Personal Service, alleging in his complaint: (1) that the instrument issued was in effect a motor vehicle liability policy of insurance; (2) that pursuant to R. C. 3937.18(A),[1] liability policies are deemed to include uninsured motorist coverage unless such a provision is rejected in writing by the insured; (3) that such coverage was neither offered nor rejected; (4) and that the defendant was therefore liable to the plaintiff to compensate him for his injuries. Personal Service answered that the instrument was a bond, not an insurance policy, and therefore not within the purview of R. C. 3937.18.

Both parties moved for summary judgment, stipulating the following issue to the court:

Did the Defendant issue a policy of insurance to the Plaintiff within the terms and purview of Sec. 3937.18 of the Ohio Revised Code, but in violation of said Section, if a policy of insurance, in that it failed to provide coverages

_____

[1]No automobile liability or motor vehicle liability policy of insurance insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, in limits for bodily injury or death set forth in section 4509.20 of the Revised Code, under provisions approved by the superintendent of insurance, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom; provided, that the named insured shall have the right to reject such coverage; and provided further that, unless the named insured requests such coverage in writing, such coverage need not be provided in or supplemental to a renewal policy where the named insured has rejected the coverage in connection with a policy previously issued to him by the same insurer.

therein for the protection of an insured from losses caused by an uninsured motorist, and in that event is the Defendant obligated to the Plaintiff as an insurer to an insured, as if under a standard policy of uninsured motorist coverage?

The trial court denied the plaintiff's motion and granted summary judgment for the defendant. The plaintiff appeals, arguing that the title of the instrument in question is not dispositive of its true nature. Although courts have held that a financial responsibility bond is in legal effect a liability insurance policy,[a] such cases deal only with the definition of terms within an insurance policy. The present action, however, requires statutory interpretation, and this court is bound by terms as defined by the Ohio legislature in the Revised Code.

Although R. C. 3937.18 requires uninsured motorist coverage in a "motor vehicle liability policy of insurance," Revised Code Title 39 contains no definition of liability insurance. Chapter 4509 does expressly define this term, and we hold this definition applicable to R. C. 3937.18. R. C. 4509.01(L) defines "motor-vehicle liability policy" as either an "owner's policy" or an "operator's policy." R. C. 4509.51 requires that an owner's policy:

(A) Shall designate by explicit description or by appropriate reference all motor vehicles with respect to which coverage is thereby granted;

(B) Shall insure the person named therein and any other person, as insured, using any such motor vehicles with the express or implied permission of the insured, against loss from the liability imposed by law for damages . . . .

R. C. 4509.52 provides that an operator's policy

shall insure the person named as insured against loss from the liability imposed upon him by law for damages arising out of the use by him of any motor vehicle not owned by him. . . .

---

[a]See *Fleming* v. *Parsons* (1965), 2 Ohio App. 2d 12; *Carter* v. *Bernard* (1971), 27 Ohio Misc. 165.

The instrument in question covers Mr. Kerr "in the ownership, maintenance, use or operation of a motor vehicle . . . ." Applying the statutory definitions, the instrument cannot be an owner's policy because it fails (1) to designate which vehicles are covered, and (2) to insure others driving Mr. Kerr's car with his permission. The instrument is not an operator's policy because it is limited to the use of non-owned vehicles. Being neither an owner's nor an operator's policy, the instrument by definition is not liability insurance.

Moreover, there are persuasive policy reasons to differentiate between a bond and liability insurance. By providing alternative methods of proving financial responsibility, the legislature recognized that many "poor risk" drivers would be unable to obtain liability insurance. Although a bond and liability insurance have many identical provisions, there is one important distinction. A bond surety may recover from its principal the amount paid to third persons injured by the principal. Because of this right of recovery, an insurance company may bond a driver it would not insure. Such bonds would probably not be issued if it were necessary to include an uninsured motorist provision because the company would have no legal recourse for recovery of the funds paid out from the injured party since he would be the principal under such coverage.

We therefore hold that there exist sound definitional and policy reasons to distinguish a bond from a policy of liability insurance. The trial court ruled correctly that the instrument in question is a bond and that R. C. 3937.18 does not require that uninsured motorist coverage be included in financial responsibility bonds.

*Judgment affirmed.*

KRENZLER, P. J., and JACKSON, J., concur.