REPUBLIC-FRANKLIN INSURANCE CO., APPELLEE, *v.*
PROGRESSIVE CASUALTY INSURANCE CO., APPELLANT, ET AL.

[Cite as Republic-Franklin Ins. Co. v. Progressive
Cas. Ins. Co. (1976), 45 Ohio St. 2d 93.]

(No. 75-386—Decided February 11, 1976.)

94

*Mr. Thomas R. Bopeley,* for appellee.
*Messrs. Ross, Davis & Baran* and *Mr. Edward C. Baran,* for appellant.

*Per Curiam.* The main issue presented in this cause is whether the Progressive financial responsibility bond is insurance. If it is not insurance, the pro-rata provision of the Republic-Franklin policy does not apply and the financial responsibility bond is excess coverage.

Although a financial responsibility bond authorized by R. C. 4509.45 is in some respects similar to liability insurance, it is significantly different from insurance. One who must post proof of financial responsibility as a prerequisite to the privilege of driving may do so by following any one of several distinct methods provided for in R. C. 4509.45. That statute provides, in part:

"Proof of financial responsibility when required under Section 4507.41, 4509.32, 4509.33, 4509.34, 4509.38, 4509,-40, 4509.42, or 4509.44 of the Revised Code may be given by filing any of the following:

"(A) A certificate of insurance as provided in Section 4509.46 or 4509.47 of the Revised Code:

"(B) A bond as provided in Section 4509.59 of the Revised Code * * *."

Throughout R. C. Chapter 4509 the dissimilarity of a financial responsibility bond and liability insurance is apparent.

A liability insurance policy is written for the protection of the insured. However, a financial responsibility bond does not protect the principal by insuring him against liability. A financial responsibility bond is written for the protection of the motoring public, who may be injured by the principal. If the surety is compelled to make payment for damages caused by the principal, it has the right to seek reimbursement from the principal. The Progressive financial responsibility bond, in the present case, expressly provides for reimbursement by the principal. This fundamental difference between insurance and a financial responsibility bond compels this court to find that a financial responsibility bond is not insurance, as that term is used in the Republic-Franklin pro-rata provisions. See, also, *Kerr* v. *Personal Service Ins. Co.* (1975), 44 Ohio App. 2d 1, 335 N. E. 2d 741.

For the foregoing reasons, the judgment of the Court of Appeals is reversed.

*Judgment reversed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.