306

THORNTON ET AL., APPELLEES AND CROSS-APPELLANTS, *v.* PERSONAL SERVICE INSURANCE COMPANY, APPELLANT AND CROSS-APPELLEE.

(No. 75-900—Decided December 22, 1976.)

308

*Weisman, Goldberg & Weisman Co., L. P. A.*, and *Mr. Fred Weisman*, for appellees and cross-appellants.

*Messrs. Cronquist, Smith & Marshall* and *Mr. Jack F. Smith*, for appellant and cross-appellee.

*Per Curiam.* The determinative issue in this cause is whether appellant is liable for its failure to settle and to provide defense in the action filed by appellee Thornton against appellee Miller.

In finding such liability, the Court of Appeals reasoned:

"The provision for a financial responsibility bond is contained in R. C. 4509.45 and R. C. 4509.59. In its brief, appellant urges the argument that, 'A bond does not insure the principal against liability nor does it agree to indemnify him against loss.' As far as this argument goes, it is true. But as the appellant concedes * * * in its brief the financial responsibility bond is an agreement and two of the parties to that agreement are the appellant and Glen E. Miller.

"* * *

"This case revolves around the interpretation of * * *

[the clause of the agreement relating to the duty of the surety to defend and settle]. The appellant obligates itself to defend its principal and reserves to itself the right to make settlements. These obligations are substantive and impose duties on the appellant. Whether these duties extend beyond the duties which appellant would have as a result of the existence of the Financial Responsibility Bond under the statute in the absence of Clause VIII * * * is not an issue * * * ."

Subsequent to the decision of the Court of Appeals in this cause, this court, in *Republic-Franklin Ins. Co.* v. *Progressive Cas. Ins. Co.* (1976), 45 Ohio St. 2d 93, 341 N. E. 2d 600, had before it the question whether a financial responsibility bond constituted liability insurance. Concluding that it did not, the court, at page 95, stated:

"Throughout R. C. Chapter 4509 the dissimilarity of a financial responsibilty bond and liability insurance is apparent.

"A liability insurance policy is written for the protection of the insured. However, a financial responsibility bond does not protect the principal by insuring him against liability. A financial responsibility bond is written for the protection of the motoring public, who may be injured by the principal. If the surety is compelled to make payment for damages caused by the principal, it has the right to seek reimbursement from the principal. The Progressive financial responsibility bond, in the present case, expressly provides for reimbursement by the principal. This fundamental difference between insurance and a financial responsibility bond compels this court to find that a financial responsibility bond is not insurance, as that term is used in Republic-Franklin pro-rata provisions."

It follows from the foregoing that the purpose of a financial responsibility bond is not to benefit the principal. This concept was recognized in *Ferguson* v. *Employers Mut. Cas. Co.* (1970), 254 S. C. 235, 242, 174 S. E. 2d 768, wherein the Supreme Court of South Carolina observed:

"The primary purpose of compulsory motor vehicle liability insurance is to compensate innocent victims who have been injured by the negligence of financially irresponsible motorists. Its purpose is not like that of ordinary liability insurance to save harmless the *tort feasor* himself. The injured person's rights against the insurer are not derived through the insured as in the case of voluntary insurance. * * *"

Inasmuch as the underlying purpose of a financial responsibility bond is to protect the public and not to save harmless the principal, it follows that, notwithstanding the provisions for defense and settlement contained in the agreement herein between the surety and principal, the surety's liability extended only to the limits of the bond. When appellant paid the amount of the bond into court, it discharged its liability to the injured party and its duty to the principal and, therefore, it is not liable beyond that amount for failure to settle or defend.

The judgment of the Court of Appeals is reversed.

*Judgment reversed.*

O'NEILL, C. J., CORRIGAN, STERN, W. BROWN and P. BROWN, JJ., concur.

HERBERT and CELEBREZZE, JJ., dissent.

HERBERT, J., dissenting. Since the law is as the majority says, there was no need for appellant, in exchange for money paid to it by Miller, to promise to defend "any suit against [Miller] * * * even if such suit is groundless, false or fraudulent." However, such a bargain was struck between appellant and appellees' assignor and I see no justification for ignoring that fact. I would affirm.

CELEBREZZE, J., concurs in the foregoing dissenting opinion.