377 So.2d 993 (1979)
Danny LANGSTON, Appellant,
v.
The PERSONAL SERVICE INSURANCE COMPANY and George Johnson, Jr., Appellees.
No. 78-1011.
District Court of Appeal of Florida, Second District.
November 21, 1979.
Rehearing Denied December 21, 1979.
*994 Lee S. Damsker of Gordon & Maney, Tampa, for appellant.
Thomas B. Matthews, Tampa, for appellees.
HOBSON, Acting Chief Judge.
Appellant Danny Langston appeals a final summary judgment entered in favor of appellees The Personal Service Insurance Company and George Johnson, Jr. We reverse.
Langston was injured in an automobile accident in Florida while riding as a passenger in a motor vehicle operated by Fred Johnson and owned by George Johnson, Jr. The owner, George Johnson, Jr., was the principal on a surety bond issued in Ohio by The Personal Service Insurance Company.
Langston's complaint alleged that the vehicle, operated by Fred Johnson with the permission and consent of George Johnson, Jr., was operated in a negligent and careless manner which caused the collision with another vehicle, injuring Langston. Personal Service filed a motion for summary judgment asserting that the coverage of its surety bond extended only to the personal acts of George Johnson, Jr. and did not extend to cover Fred Johnson's operation of the vehicle. The trial court granted this motion and entered a final summary judgment in appellees' favor.
The first issue is whether George Johnson, Jr. as owner of the subject vehicle, can be held personally liable for its negligent operation by Fred Johnson. Inasmuch as this cause of action sounds in tort and the situs of the accident is in Florida, the owner's liability must be determined according to Florida tort law. Northwestern National Casualty Company v. McNulty, 307 F.2d 432 (5th C.C.A. 1962). Under Florida tort law, a motor vehicle operated on the public highways is a dangerous instrumentality. The owner who entrusts it to another to operate is liable for injury caused by the negligence of the person to whom the vehicle is entrusted. Southern Cotton Oil Co. v. Anderson, 80 Fla. 441, 86 So. 629 (1920). Therefore, under Florida law, George Johnson, Jr. could be held personally liable to appellant Langston. This result would not obtain in Ohio where the operator's negligence is not imputed to the owner absent a showing of agency between the two. Trolio v. McLendon, 4 Ohio App.2d 30, 211 N.E.2d 65 (1965), rev'd on other grounds, 224 N.E.2d 117 (Ohio 1967); Hahn v. Ranson, 351 F. Supp. 318 (S.D.Ohio 1972), aff'd 473 F.2d 910 (6th Cir.1973).
Bearing the possible liability of the principal in mind, we must now determine whether a contractual relationship exists between Personal Service and George Johnson, Jr. which will extend Johnson's liability to his surety. In making this determination, we are obliged to apply the law of the state in which the contract issued, in this case Ohio. Carriers Insurance Company v. LeRoy, 309 So.2d 35, 37 (Fla.3d DCA 1975).
The bond issued by Personal Service states that it is provided in accordance with the coverage defined in Ohio Rev.Code Sections 4509.01 to 4509.73. These sections are included in Ohio's Motor Vehicle Safety Responsibility Act which requires each driver or owner involved in an accident to make a security deposit with the Registrar of Motor Vehicles in an amount sufficient to satisfy any judgment for damages resulting from the accident. Ohio Rev.Code Section 4509.12. Failure to meet this security requirement subjects the owner or driver to loss of driver's license and suspension of registration on all vehicles owned by that person. Ohio Rev.Code Section 4509.17. These security and suspension sections do not apply if the driver or owner has "in effect at the time of the accident either an automobile liability policy or bond with respect to the motor vehicle in the accident... ." Ohio Rev.Code Section 4509.19. The bond alternative chosen by Mr. Johnson, Jr. states in paragraph 6:
It is expressly agreed that this bond is given to comply with the provisions of the Motor Vehicle Safety Responsibility Act, Sections 4509.1 to 4509.73, Revised Code of Ohio, and nothing herein contained *995 shall be construed to extend the liability of the Surety under the provisions of said Act.
Section 4509.60 provides:
... [A]nd the lien shall exist in favor of any holder of a final judgment against the person who has filed the bond, for damages ... resulting from the ownership, maintenance, or use of a motor vehicle after such bond was filed... . (emphasis ours)
Appellees concede that under the rule of Southern Cotton Oil Co. v. Anderson, supra, George Johnson, Jr. will be personally liable to Langston upon a showing that Fred Johnson was operating the vehicle with the express or implied consent of George Johnson, Jr., and that Fred Johnson's negligent operation of the vehicle was the proximate cause of Langston's injuries. The point of dissension is on the issue of whether Personal Service is contractually liable to George Johnson, Jr. under the law of Ohio. For the proposition that Personal Service is not so liable, appellees cite us to the case of Kerr v. Personal Service Insurance Co., 335 N.E.2d 741 (Ohio App. 1975). In that case, plaintiff was the principal under a financial responsibility bond and was injured by an uninsured motorist in Ohio. He based his claim on the theory that the bond was, in effect, a motor vehicle liability policy and was statutorily required to provide uninsured motorist coverage. That court held that Personal Service was not liable to the principal because the instrument in question was not the equivalent of a motor vehicle liability policy and therefore was not required to provide uninsured motorist coverage. The Kerr decision is distinguishable from the instant case in that the accident giving rise to the cause of action in Kerr occurred in Ohio, while the situs of the accident in this case was in Florida. As stated above, Florida tort law could impose liability on George Johnson, Jr. Under the terms of the bond in question, appellant Langston could be the "holder of a final judgment" against the principal for damages "resulting from the ownership . . of a motor vehicle... ." Whether this is true in Ohio is not relevant, even in light of appellees' argument that Personal Service never intended to assume such a risk at the time of contracting. Personal Service knew or should have known that the circumstances of this case were a factual possibility at the time they issued the bond.
Appellant directs our attention to Thornton v. Personal Service Ins. Co., 48 Ohio St.2d 306, 358 N.E.2d 579 (1976) in which the court held that the surety's liability extended only to the limits of the financial responsibility bond and when Personal Service paid the full amount of the bond into the court, it completely discharged its duty and was not liable beyond that amount. The Thornton case does not deal with the question of whether Personal Service was contractually liable for the bond amount. The court merely stated that the amount was paid into the court and no further monies were owed.
In view of the fact that Personal Service, as a matter of law, would be liable for a judgment if appellant obtains one against George Johnson, Jr., we reverse the final summary judgment and remand this cause for further proceedings consistent with this opinion.
REVERSED and REMANDED.
OTT and RYDER, JJ., concur.