GRANGE MUTUAL CASUALTY COMPANY, APPELLANT, *v.* REFINERS
TRANSPORT AND TERMINAL CORPORATION, APPELLEE.

[Cite as Grange Mut. Cas. Co. *v.* Refiners Transport & Terminal
Corp. (1986), 21 Ohio St. 3d 47.]

(No. 85-193—Decided January 2, 1986.)

*Kitchen, Messner & Deery* and *Paul S. Klug,* for appellant.

*Cronquist, Smith, Marshall & Weaver* and *John A. Valenti,* for appellee.

CELEBREZZE, C.J. The issue raised by this appeal is whether an employer, who meets Ohio's financial responsibility laws other than by purchasing a contract of liability insurance, must comply with the requirements concerning uninsured motorist coverage contained in R.C. 3937.18 relative to employees injured in the course of employment while driving or occupying a vehicle owned by the employer. This precise question has not been considered by us before. However, past decisions of Ohio's appellate courts have embraced the issue, with conflicting outcomes.

For example, in *Unigard Ins. Co.* v. *Green Cabs* (1980), 67 Ohio App. 2d 152 [21 O.O.3d 452], the Court of Appeals for Franklin County concluded that where a taxicab company has filed a certificate of self-insurance pursuant to R.C. 4509.45(D), but has failed to reject uninsured motorist coverage pursuant to former R.C. 3937.18(A),[2] the company must provide uninsured motorist coverage to an injured customer-passenger riding in a company cab. The court relied principally on that portion of R.C. 4509.45(D) which equates "* * * a certificate of self-insurance to a motor vehicle liability policy by the following language: '* * * he will pay the same amounts that an insurer would have been obligated to pay under an owner's motor vehicle liability policy * * *.' " *Id.* at 155. The court reasoned that the intent of this proviso "* * * is to place a self-insurer in the same position as one who has purchased a motor vehicle liability policy." *Id.* at 156.

A contrary, and we believe better reasoned, result was reached by the Court of Appeals for Summit County in the more recent decision of *Snyder* v. *Roadway Express, Inc.* (1982), 7 Ohio App. 3d 218. The *Snyder* court rejected the reasoning of *Unigard, supra,* concluding at 219 that "[w]e do not believe that R.C. 3937.18 was intended to apply to self-insurers." The court recognized, as did the appellate court in the case *sub judice,* that if

---

[2] R.C. 3937.18(A) provided in pertinent part that "* * * [t]he named insured shall have the right to reject such [uninsured motorist vehicle] coverage * * *."

the statute did apply to self-insurers, in addition to insurance carriers authorized to write motor vehicle liability insurance policies, it would result in the absurd "situation where one has the right to reject an offer of insurance to one's self * * *"; even if applicable, "we believe the insured's rejection must be presumed." *Id.*

As in the above cases, the instant appellant alleged in its complaint that Refiners was a self-insurer under R.C. 4509.45, which provides in relevant part:

"Proof of financial responsibility * * * may be given by filing any of the following:

"(A) A certificate of insurance * * *;

"(B) A bond as provided in section 4509.59 of the Revised Code;

"* * *

"(D) A certificate of self-insurance, as provided in section 4509.72 of the Revised Code, supplemented by an agreement by the self-insurer that, with respect to accidents occurring while the certificate is in force, he will pay the same amounts that an insurer would have been obligated to pay under an owner's motor vehicle liability policy if it had issued such a policy to the self-insurer."

However, Refiners sought to meet its financial responsibility requirements and to protect itself from claims, in part by purchasing a financial responsibility surety bond and in part by purchasing two excess insurance policies for larger claims. As such, it was not a "self-insurer" in the legal sense contemplated by R.C. 4509.45(D) and 4509.72, but rather in the practical sense in that Refiners was ultimately responsible under the term of its bond either to a claimant or the bonding company in the event the bond company paid any judgment claim.

As pertaining to our consideration of this action, appellee's excess insurance (over the first $100,000 of loss) is not relevant. In this regard, the parties agree that the first $100,000 of mandated coverage was secured by a bond. Further, the two companies that issued the excess insurance are not part of this action and appellant claims no proceeds from them in this suit.

The parties stipulated that appellee did not file a certificate of self-insurance. Solely at issue in this cause is the extent of financial responsibility for the first $100,000 of loss which appellee personally undertook to perform, secured by a financial responsibility bond.

Since we find that appellee's status was actually that of a bond principal and not a self-insurer, a conclusion that the requirements of R.C. 3937.18 are not applicable is even more compelling.

In *Republic-Franklin Ins. Co.* v. *Progressive Cas. Ins. Co.* (1976), 45 Ohio St. 2d 93 [74 O.O.2d 202], this court held that a financial responsibility bond is not liability insurance under Ohio's financial responsibility laws. The court reasoned:

"Throughout R.C. Chapter 4509 the dissimilarity of a financial responsibility bond and liability insurance is apparent.

"A liability insurance policy is written for the protection of the insured. However, a financial responsibility bond does not protect the principal by insuring him against liability. A financial responsibility bond is written for the protection of the motoring public, who may be injured by the principal. If the surety is compelled to make payment for damages caused by the principal, it has the right to seek reimbursement from the principal. * * * This fundamental difference between insurance and a financial responsibility bond compels this court to find that a financial responsibility bond is not insurance, as that term is used in the Republic-Franklin pro-rata provisions. See, also, *Kerr* v. *Personal Service Ins. Co.* (1975), 44 Ohio App. 2d 1 [73 O.O.2d 3], 335 N.E. 2d 741." In accord, *Suver* v. *Personal Service Ins. Co.* (1984), 11 Ohio St. 3d 6, 7.

The appellate court decision in *Kerr, supra,* concerned the uninsured motorist/bond principal issue presented in the instant case. The court in *Kerr* at 4 first concluded "* * * that there exist sound definitional and policy reasons to distinguish a bond from a policy of liability insurance." The court then turned to Ohio's uninsured motorist statute and held "* * * that R.C. 3937.18 does not require that uninsured motorist coverage be included in financial responsibility bonds." *Id.* See, also, *Thornton* v. *Personal Service Ins. Co.* (1976), 48 Ohio St. 2d 306 [2 O.O.3d 447]. (Absent terms *contra,* a bond does not insure the principal against liability nor does it agree to indemnify him against loss. Rather, "* * * the purpose of a financial responsibility bond is not to benefit the principal * * *," but to protect the public. *Id.* at 309.)

The appellate court decision in *Unigard, supra,* also recognized "* * * the distinction between financial responsibility bonds and certificates of self-insurance set forth in R.C. 4509.45(B) and (D), respectively. The latter corresponds with the requirements of automotive liability insurance, while the former merely provides bond coverage." *Id.* at 155.

In any event, we conclude that whether appellee is considered a bond principal, self-insurer, or both, the lower courts correctly found that uninsured motorist recovery is solely provided for by Grange's insurance policy.[3]

Although public policy may well favor mandatory uninsured motorist protection for employees of self-insured employers, such a declaration must emanate from Ohio's General Assembly. The current statutes of Ohio simply do not require such protection.

---

[3] Additionally, we note that Refiners did produce a signed rejection of uninsured motorist coverage (albeit not dated), which does reference the bond agreement by name and policy number as well as the two excess insurance policies. While we do not find that such a self-serving rejection is necessary for either bond principals or self-insurers, it is needed for fleet liability insurance policies (such as the excess insurance policies in this case) which seek to exclude coverage otherwise required by R.C. 3937.18.

Based on the foregoing, we hold that the uninsured motorist provisions of R.C. 3937.18 do not apply to either self-insurers or financial responsibility bond principals.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

SWEENEY, WISE, HOLMES, C. BROWN, DOUGLAS and WRIGHT, JJ., concur.

WISE, J., of the Fifth Appellate District, sitting for LOCHER, J.