976 F.2d 733
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Irene ADLER, et al., Plaintiffs-Appellants,
v.
MUTUAL LIFE INSURANCE CO., Defendant,
Trans World Assurance Co., Defendant-Appellee,
Donald S. Fletcher, et al., Defendants.
 No. 91-3473.
 United States Court of Appeals, Sixth Circuit.
 Sept. 14, 1992.
 
 Before RYAN and SUHRHEINRICH, Circuit Judges, and CHURCHILL, Senior District Judge*.
 PER CURIAM.
 
 
 1
 Plaintiffs appeal orders granting summary judgment to defendant Trans World Assurance Co. ("TWA") and dismissing all claims against that defendant by plaintiffs Irene and Marjorie Adler in this action for fraud, breach of contract, negligent misrepresentation, breach of fiduciary duties and civil RICO. Plaintiffs also assert that the trial court erred in excluding certain damage evidence. For the reasons that follow, we affirm in part and reverse in part and remand for a new trial on damages.
 
 I.
 
 2
 The various claims against the defendants had their genesis in a fraudulent sales tactic used to sell life insurance policies to investors.
 
 
 3
 One of the individual defendants, Donald Fletcher, travelled throughout the country selling life insurance policies by emphasizing favorable tax advantages.
 
 
 4
 According to Fletcher, potential investors could drastically reduce and even eliminate their federal income tax liability by purchasing a life insurance policy in conjunction with the formation of a home-based business. Fletcher informed the investors that they could write off almost all of their household expenses and attribute them to deductible business expenses. Fletcher also promised to assist the investors in the filing of their annual income tax forms. In order to participate in this tax/insurance program, the investor was required to purchase life insurance policies from Fletcher by paying annual premiums equal to one-half of the client's income tax for the previous year. The client was also required to become involved in a home-based business and to invest the equivalent of the other half of the preceding year's tax payment in the home-based business. In order to obtain sufficient capital, many of the clients submitted new IRS W-4 forms, prepared by Fletcher, claiming enough exemptions to lower their federal tax withholding on their paychecks to zero. The previously withheld money was then used to fund the required insurance via the life insurance company's automatic monthly withdrawals from the clients' checking accounts. The money was also available for investments in the home-based business.
 
 
 5
 Hofstetter v. Fletcher, 905 F.2d 897, 900 (6th Cir.1988). Plaintiffs alleged that defendant TWA participated in and sponsored Fletcher's scheme.
 
 
 6
 Upon motion for summary judgment by defendant TWA, the claims of two plaintiffs, Irene Adler and Marjorie Adler, were dismissed as to TWA. The court found that these plaintiffs presented "no factual support" for their claims against TWA. Upon a motion for reconsideration, the court confirmed its earlier ruling.
 
 
 7
 A jury trial was held on the remaining liability claims against TWA and other defendants. Defendant TWA was found liable on five plaintiffs' claims for breach of fiduciary duty. Verdicts were reached on claims against other defendants, but plaintiffs subsequently dismissed their claims against all defendants except TWA.
 
 
 8
 Five plaintiffs proceeded to the damages trial against TWA. Over plaintiffs' objections, the trial court excluded evidence with respect to both emotional and punitive damages. The jury awarded damages to each of the five plaintiffs in various amounts, sum totaling $7,569.00.
 
 II.
 
 9
 Plaintiffs Irene Adler and Marjorie Adler appeal the district court's grant of summary judgment to defendant Trans World Assurance Co. ("TWA").[1]
 
 
 10
 The panel finds no error. Plaintiffs failed to set forth specific facts showing that there was a genuine issue for trial. For the reasons stated in its opinion and order of November 29, 1990, and the order denying reconsideration, we affirm the district court's grant of summary judgment in favor of TWA.
 
 III.
 
 11
 The five plaintiffs who prevailed against TWA assert that the trial court erred in excluding evidence of emotional damages including pain, suffering and mental anguish.
 
 
 12
 Plaintiffs argue that, in Ohio, a fiduciary duty violation is tortious in nature and is governed by the same damage principles that govern other torts, and thereby include emotional damages. It is asserted that neither the statutory nor case law of Ohio supports an exclusion of the standard tort mental distress damages from those damages recoverable for violations of fiduciary duties.
 
 
 13
 Defendants argue that, in the state of Ohio, damages for a negligent breach of fiduciary duty are limited to financial injury only. Defendants also contend that plaintiffs should be entitled to no relief on appeal because they failed to make a proffer of evidence to the trial court.
 
 
 14
 Plaintiffs correctly suggest that defendant has confused a tort victim's right to recover compensatory damages for emotional distress with the elements of a separate cause of action--the tort of intentional infliction of emotional distress. Accordingly, plaintiffs are not required to make a showing as to the elements of that distinct tort. Rather, plaintiffs seek to be compensated for alleged emotional damages as a result of defendant's tortious breach of fiduciary duty.
 
 
 15
 The law is clear in Ohio that such damages would not be recoverable in a contract action. Ketcham v. Miller, 104 Ohio St. 372, Syl. 1, 136 N.E. 145 (1922). Plaintiffs' claims against TWA, however, do not lie in contract. "Rather, the liability arises for the breach of the positive legal duty imposed by law due to the relationships of the parties." Staff Builders, Inc. v. Armstrong, 37 Ohio St.3d 298, 525 N.E.2d 783, 788 (1988).
 
 
 16
 Consequently, plaintiffs are entitled to present a claim for compensatory damages. "Compensatory damages that may be awarded without proof of pecuniary loss include compensation ... (b) for emotional distress." Restatement (Second) of Torts, at § 905(b). We find that the trial court erred in ruling that emotional damages are not recoverable as a matter of law. The failure to make a proffer is of no consequence in this instance as the substance of the evidence was apparent from the context. Fed.R.Evid. 103. However, plaintiffs continue to bear the burden of proof that the alleged conduct is a proximate cause of the emotional injuries claimed. Restatement (Second) of Torts, at § 917.
 
 IV.
 
 17
 The five prevailing plaintiffs also argue that the district court erred in holding that Ohio law prohibits the recovery of punitive damages for breach of fiduciary duty. "Punitive damages are awarded as punishment for causing compensable harm and as a deterrent against similar action in the future." Shimola v. Nationwide Ins. Co., 25 Ohio St.3d 84, 495 N.E.2d 391 (1986) ( citing, Bishop v. Grdina, 20 Ohio St.3d 26, 27, 485 N.E.2d 704 (1985)).
 
 
 18
 Plaintiffs cite a number of cases in which an insured has been allowed to present a claim for punitive damages against an insurer for wrongful refusal to pay a claim. The cases reveal that "[p]unitive damages may be recovered against an insurer [that] breaches [its] duty of good faith in refusing to pay a claim of its insured upon proof of actual malice fraud or insult on the part of the insurer." Staff Builders, Inc., 525 N.E.2d at 788 ( citing, Columbus Finance v. Howard, 42 Ohio St.2d 178, 327 N.E.2d 654 (1975)).
 
 
 19
 While the breach in this case rests upon a distinct set of facts, the origin of the duty is the same. The differences do not justify dissimilar treatment. "Since this duty is tortious in nature, punitive damages may be recovered ... for the breach of [the] duty of good faith upon adequate proof." Suver v. Personal Service Ins. Co., 11 Ohio St.3d 6, 462 N.E.2d 415, 417 (1984).
 
 
 20
 In Villella v. Waikem Motors, Inc., 45 Ohio St.3d 36, 543 N.E.2d 464, 466 (1989), the Supreme Court of Ohio set forth the elements of malice needed in order to support an award of punitive damages:
 
 
 21
 (1) that state of mind ... which ... is characterized by hatred, ill will or a spirit of revenge, or
 
 
 22
 (2) a conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm.
 
 
 23
 (Emphasis in original).
 
 
 24
 An examination of plaintiffs' proffer to the court regarding punitive damages reveals that plaintiffs have made an adequate showing of a conscious disregard for the rights and safety of other persons such that they should have been allowed to present their claim for punitive damages to the jury.
 
 V.
 
 25
 We therefore affirm the grant of summary judgment with respect to Irene Adler and Marjorie Adler. We also reverse and remand for a new trial on damages for the remaining plaintiffs in accordance with this opinion.
 
 
 
 *
 Honorable James P. Churchill, Senior District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 For reasons unknown, claims against TWA which were decided on summary judgment remained on the jury form. The jury's verdicts on those issues are a nullity, as conceded by counsel for plaintiffs at oral argument