JOURNAL ENTRY AND OPINION
{¶ 1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the record from the Cuyahoga County Court of Common Pleas, the briefs and oral argument of counsel. Plaintiff Dawn Straubhaar, a passenger in a vehicle, suffered injuries when that vehicle crashed. She settled her claim with the driver of the vehicle and brought this declaratory judgment action under authority of Scott-Pontzer v. Liberty Mut. Fire Ins. Co., 85 Ohio St.3d 660; 1999-Ohio-292, against defendant Cigna Property Casualty Company, the insurer of USX Corporation, the parent company of her employer, Speedway/SuperAmerica. The court granted summary judgment to Cigna. Straubhaar's primary argument on appeal is that the court erred by finding Speedway/SuperAmerica to be de facto self-insured since the uninsured/underinsured motorists policy issued to Speedway/SuperAmerica had a $5 million deductible that intentionally matched the $5 million liability limits of the policy.
{¶ 2} Although there is arguably merit to the proposition that Straubhaar's settlement against the tortfeasor destroyed Cigna's right to subrogation, we need not reach this issue as we find that
{¶ 3} the evidence showed that USX was de facto self-insured and thus not obligated to provide uninsured/underinsured motorists coverage. By taking out a policy with a deductible equal to the liability limit, Speedway/SuperAmerica became a self-insurer in the practical sense. See Grange Mut. Cas. Co. v. Refiners Transport Terminal Corp. (1986),21 Ohio St.3d 47, 49; Lafferty v. Reliance Ins. Co. (N.D.Ohio. 2000),109 F. Supp.2d 837. This obviated the necessity of obtaining a certificate of self-insurance under R.C. 4509.45 and R.C. 4509.72. The assigned error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., J., CONCURS.
PATRICIA A. BLACKMON, J., CONCURS IN JUDGMENT ONLY.