¶ 1 I concur in the majority's disposition of appellant's assignment of error. While I agree with the distinctions the majority draws between the case sub judice and the four cases previously decided by this Court on this issue, I write separately because I did not participate in any of those four cases and do not agree with the results reached therein.
 {¶ 2} Appellees' arguments are premised primarily upon the Ohio Supreme Court's decision in Grange Mut. Cas. Co. v. Refiners Transport
(1986), 21 Ohio St.3d 47. In Refiners, the insured corporation was covered by three separate policies: (1) a financial responsibility bond for the first $100,000 of loss; (2) an excess liability insurance policy covering losses from $100,000 to $350,000 with an aggregate yearly deductible of $250,000; and (3) a second excess liability policy in the amount of $100,000. The Supreme Court found the excess insurance policies were irrelevant. Id. at 49. The excess insurers were not parties to the action and no claim was made for proceeds from either excess policy. The parties stipulated the corporate insured did not file a certificate of self-insurance. The sole issue was the extent of financial responsibility for the first $100,000 of loss which the corporation personally undertook to perform, secured by a financial responsibility bond. Id. That bond provided satisfactory proof of compliance with R.C. 4509.59.
 {¶ 3} In Refiners, the Supreme Court found the corporate insured's status was actually that of a bond principal and, not a self-insurer. The syllabus reads, "The uninsured motorist provisions of R.C. 3937.18 do not apply to either self-insurers or financial responsibility bond principals." The case does not stand for the proposition advanced herein by appellees; i.e., the existence of a deductible under the liability insurance policy renders the policy holder self-insured or such deductible would satisfy the requirements of R.C. 4509.59 as a certificate of self-insurance. Determination of that issue was irrelevant in the Refiners case. The fact Ashland carries a deductible does not change its actual status to that of an insurance principal.
 {¶ 4} Ashland did not provide evidence it had acquired a certificate of self-insurance. Its ability to secure a certificate would be contingent upon providing documentation of its financial ability to pay judgments and subject to approval by the Department of Insurance. Because Ashland does not have a certificate of self-insurance, the Department of Insurance neither regulates nor oversees its financial ability to pay judgments.
 {¶ 5} On the other hand, appellees' ability to underwrite insurance is governed by the Department of Insurance. In the event of loss, it is appellees who are ultimately responsible to the person suffering loss. While Ashland may be contractually responsible to reimburse appellees for the deductible and expenses, should Ashland be found liable for a loss, Ashland is not ultimately responsible to theperson suffering loss. Appellees are. Accordingly, I find Ashland is not self-insured in the practical sense. For a similar result see Dalton v.Wilson, 2002-Ohio-4015.