SOUTHERN WEST VIRGINIA
PAVING, INC., Plaintiff,

v.

ELMO GREER & SONS, LLC.,
et al., Defendants.

Civil Action No. 2:09–cv–00342.

United States District Court,
S.D. West Virginia,
Charleston Division.

June 29, 2009.

Charles R. Hughes, Norman T. Daniels, Jr., Daniels Law Firm, Charleston, WV, for Plaintiff.

Melissa M. Barr, P. Joseph Craycraft, Dickie McCamey & Chilcote, Wheeling, WV, for Defendants.

## ORDER

JOSEPH R. GOODWIN, Chief Judge.

Pending before the court is Defendant Travelers Casualty and Surety Co. of America's ("Travelers") Motion to Dismiss Courts III and IV of Plaintiff Southern West Virginia Paving, Inc.'s ("SWVP") Complaint [Docket 6]. For the reasons stated herein, the Motion is **GRANTED.**

## I. Factual Background

The events precipitating this motion began when the McDowell County Board of Education ("McDowell") hired Defendant Elmo Greer & Sons ("Elmo"), a construction contractor. (Compl. ¶ 16 [Docket 1].) McDowell required Elmo to obtain a payment bond as a condition of the contract, which Travelers issued as surety.[1] *Id.* The bond names McDowell as the owner, Elmo as the contractor, and Travelers as the surety. (Notice Removal, Ex. A [Docket 1].) The bond refers to claimants several times, but does not name any claimant or SWVP as a party to the bond. *Id.*

Elmo subsequently entered into a subcontract with SWVP to furnish labor, materials and equipment, the final value of which was $727,690.55. (Compl. ¶ 8.) On April 2, 2008, SWVP notified Travelers that it had not received payment from Elmo by submitting an Initial Notice of Claim demanding payment from Travelers pursuant to the bond's terms. (Notice Removal, Ex. C [Docket 1].) Travelers's claim representative acknowledged the claim, but responded on April 18, 2008, that Travelers did not have enough information to pay the claim and requested more information from SWVP. (*Id.,* Ex. D [Docket 1].) On May 2, 2008, Elmo paid SWVP $654,921.48. *Id.,* Ex. E [Docket 1].) Travelers confirmed the payment with a letter on May 5, 2008, informing SWVP that it considered Elmo's debt paid. (*Id.,* Ex. F [Docket 1].) In December of 2008, SWVP informed Travelers that Elmo still owed SWVP $72,769.06 and made a supplemental claim on the bond, which Travelers has not paid. (*Id.,* Ex. G [Docket 1].)

After advising Travelers of its intent to sue, SWVP filed suit in the Circuit Court of Kanawha County, West Virginia on March 6, 2009, alleging a breach of contract claim against Elmo (Count I) and breach of contract, unfair claim settlement practices and common law bad faith claims against Travelers (Counts II, III and IV). (Compl. [Docket 1].) Travelers then removed the case to this court, with Elmo's consent, based on diversity jurisdiction [Docket 1].

On April 20, 2009, Travelers filed the instant Motion to Dismiss Counts III and IV of SWVP's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[2]

---

1. State boards of education are required by statute to ensure that contractors hired to work on public buildings procure payment bonds in order to guarantee that any subcontractors they use will be paid. W. Va.Code § 38–2–39.

2. Travelers seems to be arguing for dismissal under West Virginia Rule of Civil Procedure 12(b)(6) and cites to West Virginia case law in support of its motion, but the proper standard is under the Federal Rule.

Travelers argues that SWVP is a third-party claimant under West Virginia Code § 33–11–4a and thus is precluded from suing Travelers for statutory unfair claims settlement practices or common law bad faith. SWVP argues that it is a first-party claimant, who is not barred from suing for bad faith and unfair claims settlement practices. SWVP filed a response to the motion on May 4, 2009 [Docket 10] and Travelers replied on May 13 [Docket 11], rendering this motion ripe for review.

## II. Analysis

 According to the Federal Rules of Civil Procedure, a complaint can be dismissed for failing to state a claim that warrants relief. Fed.R.Civ.P. 12(b)(6). "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint." *Edwards v. Goldsboro*, 178 F.3d 231, 233 (4th Cir.1999). When reviewing a 12(b)(6) motion, I must view the allegations in the light most favorable to the plaintiff. *Id.* I will grant the motion to dismiss only if it is impossible, after assuming the truth of all of the plaintiff's facts, for it to prove any claim that would accord relief. *Id.*

The question before me is whether SWVP is a third-party claimant to the payment bond such that its unfair claim settlement practices and bad faith claims are barred. Statutory bad faith claims by third-parties are barred by West Virginia Code § 33–11–4a, which states:

A third-party claimant may not bring a private cause of action or any other action against any person for an unfair claims settlement practice. A third-party claimant's sole remedy against a person for an unfair claims settlement practice or the bad faith settlement of a claim is the filing of an administrative complaint....

West Virginia Code § 33–11–4a(j) defines a third-party claimant as "... any ... legal entity asserting a claim against any

... legal entity insured under an insurance policy or insurance contract for the claim in question." Moreover, West Virginia Code § 33–1–10(f) includes surety in its list of "Kinds of insurance defined."

 Similarly, a third-party claimant may not bring common law bad faith *Hayseeds* claims against an insurer. *See Gallagher v. Allstate Ins. Co.*, 74 F.Supp.2d 652, 655 (N.D.W.Va.1999) (holding that third-party claimants do not have a cause of action for breach of good faith and fair dealing against insurance companies because no contractual relationship exists) (citing Syl. Pt., *Elmore v. State Farm Mut. Auto. Ins. Co.*, 202 W.Va. 430, 504 S.E.2d 893, 894 (1998)). In *Elmore*, the West Virginia Supreme Court of Appeals held that the common law duty of good faith and fair dealing, recognized in *Hayseeds, Inc. v. State Farm Fire & Cas.*, 177 W.Va. 323, 352 S.E.2d 73, 80 (1986), runs between insurers and insureds and is based on the existence of a contractual relationship. *Elmore*, 504 S.E.2d at 897. "No such contractual relationship exists between an insurer and a third party claimant. In fact, the relationship between an insurer and third party claimant is inherently adversarial." *Gallagher*, 74 F.Supp.2d at 655.

 Moreover, the West Virginia Supreme Court of Appeals has established that a bad faith settlement action in which an "... insured sues his/her own insurer for failing to use good faith in settling a claim brought against the insured or a claim filed by the insured ..." is a first-party action. *State ex rel. Allstate Ins. Co. v. Gaughan*, 203 W.Va. 358, 508 S.E.2d 75, 86 (1998). Conversely, an action in which a plaintiff sues an insurer based on harms committed by its insured is a third-party action. *See id.*

 The relevant statute and the Supreme Court of Appeals clearly intended to prevent all but the insured from suing

the insurer for unfair claims settlement practices. SWVP is not a party to the payment bond, it is merely a claimant. Travelers has an adversarial relationship with SWVP, not a contractual relationship from which a duty of good faith and fair dealing would arise. As such, it is clearly a third-party claimant and barred from asserting claims for unfair settlement practices and bad faith.[3] Further, SWVP may sue for breach of contract but, as laid out in § 33–11–4a, it must pursue administrative remedies for unfair claims settlement practice allegations.[4] Accordingly, SWVP cannot state a claim for unfair claims settlement practices or for common law bad faith.

## III. Conclusion

In light of the reasons discussed above, I **GRANT** Travelers's Motion to Dismiss Counts III and IV. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party. The court further **DIRECTS** the Clerk to post a copy of this published opinion on the court's website, www.wvsd.uscourts.gov.

---

**3.** SWVP relies upon three out-of-state cases to support its assertion that it is a first-party claimant, but none of these cases are sufficiently analogous to the instant case to be persuasive. In *Transamerica Premier Insurance Company v. Brighton School District 27J*, 940 P.2d 348 (Colo.1997), the Colorado court confirmed the right of the owner/obligee, which in this case would be McDowell, to sue the surety for bad faith settlement practices. Similarly, the Delaware court in *International Fidelity Insurance Company v. Delmarva Systems Corporation* recognized the owner/obligee's right to sue for bad faith. No. 99C–10–065, 2001 WL 541469 (Del.Super.Ct.2001). Neither case discusses the right of a subcontractor that is not a party to the payment bond. Finally, the Ohio court held in *Suver v. Personal Service Insurance Company* that an injured third-party could bring a bad faith claim against the alleged tortfeasor's insurance company, but that is clearly contrary to the law in West Virginia, which bars such claims. 11 Ohio St.3d 6, 462 N.E.2d 415 (1984).

**4.** A third-party claimant's only remedy is filing an administrative complaint with the state insurance commissioner. § 33–11–4a (a). The statute provides that a third-party claimant cannot bring a private cause of action against any person for unfair claims settlement practices even after exhausting the available administrative options.