OPINION
Defendants-appellants, Ingersoll-Rand Company, et al., appeal from a judgment of the Warren County Common Pleas Court, granting summary judgment against them, and in favor of plaintiffs-appellees, Elizabeth Marshall, individually and as executor of the estate of Bobby S. Marshall, et al. We affirm the trial court's judgment.
On August 5, 1999, Bobby Marshall was killed when the motorcycle he was operating collided with a van driven by Janet Kortum. The accident was allegedly caused by Kortum, who had an automobile insurance policy providing for maximum coverage of $100,000.
Prior to his death, Marshall was an employee of Steelcraft, a division of the Ingersoll-Rand Company (hereinafter, "Ingersoll"). At the time of the accident, Ingersoll had an automobile liability insurance policy with ACE USA (hereinafter, "ACE"), formerly known as the Pacific Employers Insurance Company. The policy contained a provision that provided up to one million dollars in uninsured/underinsured motorist coverage.
Ingersoll's policy with ACE is a "matching deductible" or "fronting policy." The policy has a liability limit of one million dollars and a matching deductible of one million dollars, and requires Ingersoll to promptly reimburse ACE for any sums paid on its behalf. Under its agreement with Ingersoll, ACE, through its subsidiary, ESIS, Inc., provides services to Ingersoll, including the defense and adjustment of claims made against it, and the use of its licenses as an insurer. The agreement and policy permit Ingersoll to satisfy the motor vehicle financial responsibility requirements of the various states in which it operates motor vehicles, including Ohio. See R.C. 4509.01, et seq., which contains Ohio's Financial Responsibility Act for motor vehicles.
Marshall's surviving spouse, Elizabeth, acting individually, and as executor of Marshall's estate, and the Marshalls' minor son, Zachary, brought a declaratory judgment action against ACE, seeking a declaration that ACE is obligated to provide them with underinsured motorist coverage up to the limits of its policy. On September 15, 2000, plaintiffs filed an amended complaint, naming Marshall's adult daughters from a previous marriage, Chanda and Heidi, as additional plaintiffs, and Ingersoll and Steelcraft as additional defendants.
Plaintiffs moved for summary judgment on their declaratory judgment action, arguing that they are entitled to coverage under Ingersoll's policy with ACE, pursuant to Scott-Pontzer v. Liberty Mut. Fire Ins. Co.,85 Ohio St.3d 660, 1999 Ohio-292. Ingersoll and Steelcraft filed a memorandum in opposition to plaintiffs' summary judgment motion, arguing that they, and not plaintiffs, were entitled to summary judgment. Ingersoll and Steelcraft asserted that Ingersoll's matching deductible or fronting policy with ACE is a form of self-insurance, and, therefore, it did not need to comport with the uninsured/underinsured motorist statute contained in the version of R.C. 3937.18 that was in effect at the time plaintiff's filed their declaratory judgment action.[1] ACE subsequently joined its co-defendants' "motion for summary judgment."
On June 20, 2001, the trial court held that plaintiffs were entitled to summary judgment on their declaratory relief action, and determined that plaintiffs were entitled to underinsured motorists coverage under Ingersoll's policy with ACE, "up to the maximum limits of that policy."[2]
Ingersoll and Steelcraft, but not ACE, now appeal from the trial court's judgment.
Assignment of Error No. 1:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANTS-APPELLANTS IN GRANTING THE MOTION FOR SUMMARY JUDGMENT OF PLAINTIFFS-APPELLEES.
Appellants argue the trial court erred in granting appellees' motion for summary judgment on their declaratory relief action.
R.C. 2721.02(A) provides in pertinent part, " * * * courts of record may declare rights, status, and other legal relations whether or not further relief is or could be claimed." Such a declaration "has the effect of a final judgment or decree." Id.
An appellate court's standard of review on appeals from a summary judgment is de novo. Burgess v. Tackas (1998), 125 Ohio App.3d 294, 296. The trial court's grant of summary judgment must be reviewed independently and without deference to the trial court's judgment. Id. In conducting its independent review, the appellate court applies the same standard as the trial court does in determining a motion for summary judgment. Midwest Ford, Inc. v. C.T. Taylor Co. (1997),118 Ohio App.3d 798, 800. Pursuant to Civ.R. 56(C), a trial court is to grant summary judgment only when:
(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
In Scott-Pontzer, 85 Ohio St.3d 660, plaintiff's husband was killed in a car collision, while driving her automobile. Id. at 660-661. The collision was caused by an underinsured motorist. Id. at 661. Before his death, plaintiff's husband was employed by Superior Dairy, Inc., which had a commercial automobile liability policy with Liberty Mutual Fire Insurance Company ("Liberty Fire"), and an "umbrella/excess" insurance policy with Liberty Mutual Insurance Company ("Liberty Mutual"). Id.
Plaintiff, acting individually and as executor of her husband's estate, brought an action against Liberty Fire and Liberty Mutual. Plaintiff alleged that because her husband was an employee of Superior Dairy, she was entitled to the underinsured motorist benefits under Superior Dairy's policies with Liberty Fire and Liberty Mutual. Id.
The trial court rendered summary judgment against plaintiff and in favor of Liberty Fire and Liberty Mutual, after determining that plaintiff was not entitled to underinsured motorist benefits under Superior Dairy's policies with Liberty Fire or Liberty Mutual. The trial court found that plaintiff was not entitled to the commercial automobile liability policy with Liberty Fire because, among other things, her husband was not a named insured under the policy and was not operating a "covered" automobile. Id.
The court of appeals affirmed the trial court's judgment, though on different grounds than those cited by the trial court. The court of appeals "held that undersinsured motorist coverage under a corporate policy is available only to those employees injured while acting within the scope of their employment." Id. at 662.
The Ohio Supreme Court reversed the court of appeals, remanding the matter to the trial court with instructions to enter judgment in favor of plaintiff on the issue of coverage as to both policies. Id. at 666-667. As to Superior Dairy's commercial automobile liability policy with Liberty Fire, the court noted that while the named insured under the policy was Superior Dairy, the policy's language could be interpreted to include Superior Dairy's employees as insureds because "a corporation can act only by and through real live persons." Id. at 664. The court concluded that plaintiff's husband was an insured under Superior Dairy's policy with Liberty Fire, for purposes of underinsured motorist coverage. Id. The court further noted that "[t]he Liberty Fire policy contain[ed] no language requiring that employees must be acting within the scope of their employment in order to receive underinsured motorist coverage." Id. at 666. Therefore, the court concluded that plaintiff's husband was entitled to underinsured motorist benefits under the Liberty Fire policy. Id.
ACE's policy with Ingersoll provides underinsured motorist coverage to those insured under the terms of the policy. The policy defines an "insured" in the same language used in the commercial automobile liability policy at issue in Scott-Pontzer at 663. Thus, while Ingersoll is the named insured under the policy, Ingersoll's employees, like Marshall, are insureds as well. See Id. at 663-664. Furthermore, the fact that Marshall was not acting within the scope of his employment at the time of the accident does not defeat his right to coverage under the policy, because the policy does not contain any language requiring that employees must be acting within the scope of their employment to receive underinsured motorist coverage. See id. at 666.
Nevertheless, appellants argue the trial court erred in awarding summary judgment to appellees because the evidence they submitted in support of their memorandum in opposition to appellees' summary judgment motion, when viewed in a light most favorable to appellants as the nonmoving party, shows the existence of a genuine issue of material fact. Appellants submitted an affidavit, averring that Ingersoll's policy with ACE is a matching deductible or fronting policy. Appellants contend that in light of Ingersoll's matching deductible policy, Ingersoll is, in essence, a self-insurer, and therefore its policy with ACE is not subject to the requirements of R.C. 3937.18.
Former R.C. 3937.18, which was still in effect at the time plaintiffs filed their declaratory judgment action, required insurers to offer uninsured/underinsured motorist coverage with every automobile liability or motor vehicle liability policy delivered or issued in Ohio. Former R.C. 3937.18(A). The named insured could only reject or accept both coverages offered pursuant to former R.C. 3937.18(A). Former R.C.3937.18(C). An insurer's failure to offer such coverage resulted in such coverage arising by operation of law. See Gyori v. Johnston Coca-ColaBottling Group, Inc., 76 Ohio St.3d 565, 568, 1996-Ohio-358.
In Grange Mut. Cas. Co. v. Refiners Transport Terminal Corp. (1986),21 Ohio St.3d 47, the court held that the uninsured motorist provisions of former R.C. 3937.18 did not apply to either self-insurers or financial responsibility bond principals. Id. at syllabus. In arriving at its decision, the court quoted, with approval, Snyder v. Roadway Express,Inc. (1982), 7 Ohio App.3d 218, which had found that to hold R.C. 3937.18
applied to self-insurers "would result in the absurd `situation where one has the right to reject an offer of insurance to one's self * * *[.]'"Grange Mut. Cas. Co. at 49.
In Lafferty v. Reliance Ins. Co. (S.D.Ohio 2000), 109 F. Supp.2d 837, plaintiff was seriously injured in a motor vehicle accident while driving a truck belonging to his employer. Id. at 838. After asserting claims against the driver who had caused the accident, plaintiff asserted a claim against his employer's insurer. Id. Plaintiff's employer had obtained a commercial automobile liability policy with a matching liability limit and deductible of five million dollars. Id. The employer had rejected uninsured/underinsured motorist coverage. Id. at 838-840. Plaintiff argued that, notwithstanding his employer's rejection of uninsured/underinsured motorist, his employer's insurer had failed to comply with this state's requirements regarding the offering and rejection of uninsured/underinsured coverage. Id. at 840.
The Lafferty court found that by virtue of the matching deductible policy it had obtained from its insurer, plaintiff's employer was, in effect, a self-insurer, and therefore the policy was not subject to the provisions of former R.C. 3937.18, pursuant to Grange Mut. Cas. Co.,21 Ohio St.3d 47. Lafferty at 841-842. The Lafferty court also found that the requirements of the statute relating to rejection of uninsured/ underinsured motorist coverage had been satisfied. Id. at 842.
Appellants rely on Lafferty in support of their proposition that former R.C. 3937.18 did not apply to Ingersoll's policy with ACE. However, that case is readily distinguishable, if not inapposite, from this one. In that case, the employer had rejected uninsured/underinsured motorist coverage, and the plaintiff was attempting to have such coverage imposed by operation of law on the grounds that the insurer had failed to comply with the requirements of Ohio law with respect to offering and rejecting uninsured/underinsured motorist coverage.
Here, however, Ingersoll's policy with ACE does provide underinsured motorist coverage, and the fact that Ingersoll's policy with ACE did not have to comply with former R.C. 3937.18(A), since Ingersoll is, in effect, a self-insurer, is immaterial. While the Ohio Supreme Court's decision in Scott-Pontzer works a hardship on companies like Ingersoll, that is a risk they assumed by using a matching deductible or fronting policy to comply with this state's financial responsibility requirements.
Finally, appellants contend that Scott-Pontzer, 85 Ohio St.3d 660, either does not apply to the facts of this case or should be overruled for the reasons stated in the dissents to that opinion. However,Scott-Pontzer does control the decision in this matter for the reasons previously stated. Appellants acknowledge that the trial court and this court are constrained to follow the decisions of the Ohio Supreme Court, and represent that they are raising this issue merely to preserve it for appeal to that court.
Appellants' sole assignment of error is overruled.
Judgment affirmed.
WALSH, P.J., and YOUNG, J., concur.
[1] R.C. 3937.18 has been amended, effective October 31, 2001, to "[e]liminate any requirement of the mandatory offer of uninsured motorist coverage, underinsured motorist coverage, or both uninsured and underinsured motorist coverages[,]" and "[t]o supersede the holding of the Ohio Supreme Court in * * * Scott-Pontzer v. Liberty Mut. Fire Ins.Co. (1999), 85 Ohio St.3d 660 * * *." Section 3(B)(1) and (E) of SB 97 (149 v — ).
[2] The trial court noted that the claims for damages of Marshall's estate and heirs were not before the trial court.