STOUT, Appellant,

v.

TRAVELERS PROPERTY CASUALTY INSURANCE COMPANY, Appellee.

[Cite as *Stout v. Travelers Prop. Cas. Ins. Co.,* 152 Ohio App.3d 355, 2003-Ohio-1643.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 02AP–628.

Decided March 31, 2003.

Maney & Brookes and Mark C. Brookes, for appellant.

Gallagher, Sharp, Fulton & Norman, Margaret Mary Meko, Thomas J. Cabral and Richard J. Scislowski, for appellee.

McCormac, Judge.

{¶ 1} Plaintiff-appellant, Amy Stout, appeals from a grant of summary judgment entered by the Franklin County Court of Common Pleas in favor of defendant-appellee, Travelers Property Casualty Insurance Company ("Travelers").

{¶ 2} On August 11, 1993, plaintiff was injured in an automobile accident while riding as a passenger in an automobile driven by Mia Welch. Welch, who admitted fault for the accident, was uninsured. At the time of the accident, plaintiff was employed by a subsidiary of Ralston Purina Co. ("Ralston"), although she was not riding in a company vehicle nor acting within the scope of her employment.

{¶ 3} In October 2000, plaintiff notified Ralston that, pursuant to *Scott–Pontzer v. Liberty Mut. Fire Ins. Co.* (1999), 85 Ohio St.3d 660, 710 N.E.2d 1116, she would be pursuing a claim for uninsured motorist benefits against a business automobile policy issued by Travelers to Ralston and its subsidiaries. This policy provides $2,000,000 in liability coverage but carries a matching $2,000,000 deductible. Under the deductible provision, Travelers is required to "pay any part or all of the deductible amount to effect settlement of any claim or suit," and Ralston would reimburse Travelers for such amounts. On February 26, 2001, plaintiff brought a claim against Travelers in the Franklin County Court of Common Pleas seeking to recover uninsured motorist coverage under the insurance policy issued to Ralston. On March 8, 2002, Travelers moved for summary judgment on the grounds that it had offered, and Ralston had expressly rejected the inclusion of uninsured/underinsured motorist ("UM/UIM") coverage in the policy at issue; it was not required to offer UM/UIM coverage in the policy pursuant to former R.C. 3937.18,[1] as the matching deductible provision in the policy rendered Ralston

---

1. The parties agree that, pursuant to *Ross v. Farmers Ins. Group of Cos.* (1998), 82 Ohio St.3d 281, 695 N.E.2d 732, syllabus, the version of R.C. 3937.18 in effect on October 1, 1992, applies in this case.

self-insured; and plaintiff's seven-year delay in notifying Travelers of its claim breached notice and subrogation provisions in the policy.

{¶ 4} On May 7, 2002, the trial court issued a decision and judgment entry granting Travelers' motion for summary judgment. In so doing, the trial court held that Ralston's rejection of UM/UIM coverage in the policy was invalid because Travelers' offer of such coverage had failed to delineate the premium for such coverage as required under *Linko v. Indemn. Ins. Co. of N. Am.* (2000), 90 Ohio St.3d 445, 449, 739 N.E.2d 338. Nonetheless, the trial court went on to hold that the policy was not subject to the requirements of former R.C. 3937.18, because the matching deductible provision in the policy effectively rendered Ralston self-insured. The trial court did not address Travelers' argument that plaintiff had violated the policy's notice and subrogation provisions. Plaintiff appeals from the judgment of the trial court assigning the following error:

{¶ 5} "The trial court erred to the prejudice of plaintiff-appellant in sustaining defendant-appellee's motion for summary judgment on the grounds that Travelers' insured was self-insured 'in a practical sense' and therefore Travelers policy is exempted from the operation of R.C. 3937.18."

{¶ 6} Because plaintiff's assignment of error arises out of the trial court's ruling on a motion for summary judgment, we review the trial court's determination independently and without deference. *Brown v. Scioto Cty. Bd. of Commrs.* (1993), 87 Ohio App.3d 704, 711, 622 N.E.2d 1153. In conducting our review, we apply the same standard as the trial court, *Maust v. Bank One Columbus, N.A.* (1992), 83 Ohio App.3d 103, 107, 614 N.E.2d 765: In accordance with Civ.R. 56, summary judgment may only be granted if, viewing the evidence most strongly in favor of the nonmoving party, no genuine issue of fact exists, the moving party is entitled to judgment as a matter of law, and reasonable minds can only come to a conclusion which is adverse to the nonmoving party. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 8 O.O.3d 73, 375 N.E.2d 46.

{¶ 7} Plaintiff's lone assignment of error challenges the trial court's determination that Ralston was self-insured and that its policy with Travelers was, therefore, not subject to the requirements of former R.C. 3937.18. Former R.C. 3937.18 provided: "No automobile liability or motor vehicle liability policy of insurance * * * shall be delivered or issued for delivery in this state * * * unless both * * * [UM and UIM motorist coverages] are provided[.]"[2] In order to comply with this provision, an insurance company was required to provide any purchaser of automobile insurance with a "meaningful offer" for UM/UIM coverage. *Linko,* supra. In order to constitute a "meaningful offer," an offer

---

**2.** Effective October 31, 2001, R.C. 3937.18 was amended to eliminate the requirement that UM/UIM coverage be offered in any automobile policy.

was required to include a brief description of the UM/UIM coverage, the premium for the coverage, and an express statement of the limits of the coverage. Id. Failure to include a "meaningful offer" of UM/UIM coverage in an offer to sell automobile insurance resulted in the automatic extension of UM/UIM coverage by operation of law. *Gyori v. Johnston Coca–Cola Bottling Group, Inc.* (1996), 76 Ohio St.3d 565, 567, 669 N.E.2d 824. However, the requirements of former R.C. 3937.18 did not apply to self-insured entities, i.e., those that satisfied the financial responsibility requirements of R.C. 4509.45 other than by purchasing a contract of liability insurance. *Grange Mut. Cas. Co. v. Refiners Transport & Terminal Corp.* (1986), 21 Ohio St.3d 47, 49, 21 OBR 331, 487 N.E.2d 310.

■ {¶ 8} In the present case, we are faced with the question of whether a company that purchased an automobile insurance policy with a deductible that matches the liability limits of the policy qualifies as a self-insured, such that the requirements of former R.C. 3937.18 do not apply to it. This court recently addressed this precise issue in *Dalton v. Wilson*, Franklin App. No. 01AP–014, 2002-Ohio-4015, 2002 WL 1813508. We adopt the reasoning therein which contains an excellent discussion of the law relating to this issue. In *Dalton*, we held that a matching deductible policy does not amount to self-insurance under *Gyori*. Id. at ¶ 76. In reaching this conclusion, we noted that the determination of whether an entity is self-insured turns on whether the entity or the insurance company bears the ultimate risk of loss. Id. at ¶ 64. An entity can be considered self-insured only where it, rather than an insurance company, bears the ultimate risk of loss. Id. In the case of matching deductible policies, the ultimate risk of loss is borne by the insurance company, as it is required to pay claims regardless of whether the insured actually reimburses it or not. Id. at ¶ 77. Accordingly, the trial court erred in determining that Ralston was self-insured and that the requirements of R.C. 3937.18 did not apply to the insurance policy issued to it by Travelers. As a result, UM/UIM coverage in an amount equal to the policy's liability coverage is implied into the Travelers policy by operation of law. *Gyori*, supra. Plaintiff's assignment of error is sustained.

■ {¶ 9} Travelers argues, however, that the trial court's grant of summary judgment in its favor should be affirmed on an alternative basis. According to Travelers, it is entitled to summary judgment on plaintiff's claim because plaintiff's seven-year delay in notifying Travelers of its claim breached the policy's notice and subrogation provisions. In support of this argument, Travelers points to the following language that appears in the policy under the heading "BUSINESS AUTO CONDITIONS":

{¶ 10} "2. DUTIES IN THE EVENT OF ACCIDENT, CLAIM, SUIT OR LOSS

{¶ 11} "a. In the event of 'accident,' claim, 'suit' or 'loss,' you must give us or our authorized representative prompt notice of the 'accident' or 'loss.' Include:

{¶ 12} "(1) How, when and where the 'accident' or 'loss' occurred;

{¶ 13} "(2) The 'insured's' name and address; and

{¶ 14} "(3) To the extent possible, the names and addresses of any injured persons and witnesses.

{¶ 15} "* * *

{¶ 16} "**5. TRANSFER OF RIGHTS OF RECOVERY AGAINST OTHERS TO US**

{¶ 17} "If any person or organization to or for whom we make payment under this Coverage Form has rights to recover damages from another, those rights are transferred to us. That person or organization must do everything necessary to secure our rights and must do nothing after 'accident' or 'loss' to impair them."

{¶ 18} As a preliminary matter, we note that, because the above provisions constitute "conditions" of coverage rather than exclusions, they apply to the UM/UIM coverage that has been implied into the Travelers' policy by operation of law. *Heiney v. Hartford,* Franklin App. No. 01AP–1100, 2002-Ohio-3718, 2002 WL 1625571, at ¶ 29–35, discretionary appeal allowed (2002), 97 Ohio St.3d 1481, 780 N.E.2d 285.

{¶ 19} Travelers contends that plaintiff's failure to notify it of its claim against the policy for more than seven years after the accident breached the policy's notice and subrogation provisions. Several weeks after the instant case was argued, the Ohio Supreme Court decided *Ferrando v. Auto–Owners Mut. Ins. Co.,* 98 Ohio St.3d 186, 2002-Ohio-7217, 781 N.E.2d 927, which, like the instant case, involved the question of whether a provider of UM/UIM coverage may be released from its obligation to provide coverage due to the failure of a claimant to promptly notify the insurer of a potential claim or to protect the insurer's subrogation rights. In addressing the issue, the *Ferrando* court established a clear framework for determining whether a claimant's alleged breach of a notice or subrogation provision in a UM/UIM policy bars that claimant from recovering UM/UIM benefits under the policy. Specifically, the *Ferrando* court held that determining whether an alleged breach of a notice or subrogation provision barred recovery required a two-stage inquiry. Id. at ¶ 89. First, a court must determine whether a notice or subrogation provision has actually been breached. Id. Second, if the court determines that a breach has occurred, it must determine whether the insurer has been prejudiced by that breach. Id. An insurer will be relieved of its obligation to provide UM/UIM coverage as the result of a breach of a notice or subrogation provision only when

it has been prejudiced by such breach. Id. at ¶ 1. However, where a breach is found, prejudice is presumed, unless the claimant presents some evidence to rebut that presumption. Id. at ¶ 88.

{¶ 20} As stated previously, the trial court did not address the validity, if any, of defendant's claims that plaintiff had violated the policy's notice and subrogation provisions to the prejudice of defendant. Consequently, we remand the case to the trial court to consider these defenses in accordance with *Ferrando*.

Judgment reversed
and case remanded.

BOWMAN and KLATT, JJ., concur.

JOHN W. MCCORMAC, J., retired, of the Tenth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.