DECISION AND JUDGMENT ENTRY
{¶ 1} The Travelers Indemnity Company of Illinois ("Travelers") appeals the trial court's grant of partial summary judgment to Jerry Rucker and the estate of Ruth Ann Rucker ("The Ruckers").[1] Travelers argues that the trial court erred in finding that the Ruckers were entitled to underinsured motorist coverage under a policy issued to Mr. Rucker's employer, The Mead Corporation, because the policy is practical self-insurance. Because we find that Mead is self-insured in the practical sense, we agree. Accordingly, we reverse the judgment of the trial court.
 I. {¶ 2} Jerry M. Rucker, personally and as executor of the estate of Ruth Ann (Monk) Rucker, filed a complaint against James A. Davis, Jr. ("Davis Jr."), James A. Davis, Sr. ("Davis, Sr."), Progressive Insurance Company ("Progressive") and Travelers. The complaint alleged that Mr. Rucker was seriously hurt and his wife, Ruth Ann Rucker, died in an accident on July 16, 2000. The complaint alleged that Davis Jr. negligently operated a motor vehicle owned by Davis Sr. into a motorcycle owned and operated by Mr. Rucker and occupied by Mr. and Mrs. Rucker. The complaint also alleged that Davis Sr. negligently entrusted the vehicle to Davis Jr.
 {¶ 3} According to the complaint, Progressive insured Mr. Rucker at the time of the accident and Travelers insured Mr. Rucker's employer, Mead Corporation, under an automobile insurance policy. The complaint alleged that these policies provided underinsured motorist coverage under which the Ruckers were entitled to collect damages.
 {¶ 4} The complaint contained claims for: (1) Mr. Rucker's personal injuries, (2) Mrs. Rucker's personal injuries, (3) Mrs. Rucker's wrongful death, (4) Mr. Rucker's loss of consortium, (5) a declaratory judgment as to Progressive's insurance coverage, and (6) a declaratory judgment as to Travelers insurance coverage.
 {¶ 5} All the defendants answered. Progressive cross-claimed against the other defendants. It sought a full judgment against Davis Sr. and Davis Jr. in the event that any judgment was entered against it. As to Travelers, Progressive asserted that Travelers was the primary underinsured coverage to the Ruckers and sought indemnity and/or contribution for any judgment against it.
 {¶ 6} On March 15, 2002, the Ruckers sought summary judgment against Travelers.[2] The Ruckers argued that they were entitled to underinsured motorist coverage pursuant to Mead's two policies with Travelers.
 {¶ 7} On March 15, 2002, Travelers sought summary judgment. It argued that: (1) because Mead is a self-insurer, in the "practical sense," Travelers was not required by R.C. 3937.18 to offer uninsured/underinsured motorist coverage; (2) Mead unequivocally rejected UM/UIM coverage; (3) the Ruckers were not "insureds" under the policy, (4) the Commercial General Policy is not a motor vehicle policy.
 {¶ 8} In March 2002, Progressive dismissed, without prejudice, its cross-claims against Davis Sr. and Davis Jr. In May 2002, the Ruckers dismissed, with prejudice, their claims against Davis Sr. and Davis Jr. pursuant to a settlement agreement.
 {¶ 9} In June 2002, the trial court granted in part and denied in part the Ruckers' motion for summary judgment against Travelers. In its analysis, the trial court ruled that the Ruckers are entitled to underinsured motorist coverage under the business auto policy issued by Travelers. In so doing, the trial court determined that Mead did not legally reject underinsured/underinsured motorist coverage. The trial court also ruled that Mead's Commercial General Policy was not a motor vehicle policy of insurance as defined by former R.C. 3937.18 and that the Ruckers did not meet the definition of insureds under the policy.
 {¶ 10} Travelers appeals[3] the grant of summary judgment as to the business auto policy and asserts the following assignment of error: "The trial court erred in declaring that [the Ruckers] are entitled to underinsured motorist coverage under the commercial auto policy issued by appellant Travelers, in granting [the Ruckers'] motion for summary judgment under that policy and denying Travelers' motion for summary judgment on the same policy.
 II. {¶ 11} In its only assignment of error, Travelers argues that the trial court erred in granting partial summary judgment to the Ruckers and finding that they were entitled to underinsured motorist coverage under Mead's business auto policy issued by Travelers.
 {¶ 12} Summary judgment is appropriate when the court finds that the following factors have been established: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party, who is entitled to have the evidence construed in his or her favor. Civ.R. 56. See Bostic v. Connor (1988), 37 Ohio St.3d 144, 146; Harlessv. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 66; Morehead v.Conley (1991), 75 Ohio App.3d 409, 411. "In reviewing the propriety of summary judgment, an appellate court independently reviews the record to determine if summary judgment is appropriate. Accordingly, we afford no deference to the trial court's decision in answering that legal question." Morehead v. Conley, 75 Ohio App.3d at 411-12. See, also,Schwartz v. Bank One, Portsmouth, N.A. (1992), 84 Ohio App.3d 806, 809.
 {¶ 13} The burden of showing that no genuine issue of material fact exists falls upon the party requesting summary judgment. Dresher v.Burt (1996), 75 Ohio St.3d 280, 294, citing Mitseff v. Wheeler (1988)38 Ohio St.3d 112, 115. The moving party bears this burden even for issues that the nonmoving party may have the burden of proof at trial.Id. "However, once the movant has supported his motion with appropriate evidentiary materials, the nonmoving party may not rely upon the allegations and/or denials in his pleadings. * * * He must present evidentiary materials showing that a material issue of fact does exist."Morehead v. Conley, 75 Ohio App.3d at 413.
 {¶ 14} Under Ohio law an insurance policy that names a corporation as its insured may extend coverage to an individual employee of the corporation, even if the employee was not an officer of the corporation and was not acting within the scope of his employment at the time of injury. Scott-Pontzer v. liberty Mut. Fire Ins. Co. (1999),85 Ohio St.3d 660. If the policy does not clearly and unambiguously identify who is an insured under the policy, the court must follow the rules of contractual construction to identify the insured.
 {¶ 15} Under Ohio statutory law as it existed at the time of the Ruckers' accident, an insurer's failure to either provide uninsured/underinsured motorist coverage or obtain a valid written rejection of such coverage results in the insured acquiring it by operation of law. See Gyori v. Coca-Cola Bottling Group (1996),76 Ohio St.3d 565, paragraphs one and two of the syllabus, citing R.C.3937.18;[4] see, also, Shindollar v. Erie Ins. Co. 148 Ohio App.3d 537,2002-Ohio-2971, at ¶ 9.
 {¶ 16} Travelers makes four arguments in support of its assignment of error: (1) former R.C. 3937.18's requirements that insurers offer uninsured/underinsured motorist coverage is not applicable to the policy because it is a form of self-insurance; (2) Mr. Rucker was not an "insured" with standing to seek underinsured motorist coverage; (3) Mrs. Rucker was not an "insured" because the policy's coverage did not extend to family members; and (4) Mead properly rejected uninsured/underinsured motorist coverage.
 {¶ 17} We begin our analysis with Travelers' first argument because it is dispositive. Travelers asserts that former R.C. 3937.18's requirements that insurers offer uninsured/underinsured motorist coverage is not applicable to the policy because it is a form of self-insurance.
 {¶ 18} Travelers issued a business auto policy to Mead on April 1, 2000. The policy had a two million dollar limit and had a two million dollar deductible. An endorsement to the policy requires Mead to reimburse Travelers, among other things, for all amounts paid to settle a claim or lawsuit within the policy's coverage. This includes attorneys fees and court costs. Travelers' managing director of national account, commercial lines, swore in his affidavit that under this policy Mead bears the entire risk of loss and is ultimately responsible for paying any claim or judgment made under the policy. He concludes that Mead was a self-insurer.
 {¶ 19} The Ruckers argue that Mead is not self insured. They point out that if Mead becomes bankrupt or insolvent, Travelers is obligated to provide insurance coverage.
 {¶ 20} Self-insurers do not need to comply with former R.C.3937.18's mandatory offering of uninsured/underinsured motorist coverage. Musser v. Musser (March 19, 2003), Adams App. No. 02CA750,2003-Ohio-1440, citing Grange Mut. Cas. Co. v. Refiners Transp. Terminal Corp. (1986), 21 Ohio St.3d 47, at the syllabus. In Musser, we determined that R.C. 3937.18 does not apply to practical self-insurers. We see no reason to depart from this determination.[5]
 {¶ 21} In Musser, we also held that to determine "whether an entity is self-insured in a practical sense, courts look at who bears the risk of loss." The insurance policy in Musser had an identical liability limit and deductible, one million dollars, and contained a bankruptcy clause stating that the insurance company remained liable even if the insured became bankrupt or insolvent. In Musser, we held that the insured bore the risk of loss given the identical limit of liability and deductible even with the bankruptcy clause because the insured remained liable under the policy even in the event of bankruptcy or insolvency.
 {¶ 22} Here, the insurance policy's liability limit and deductible are identical, two million dollars, and has a bankruptcy clause where the insured remains liable even if Mead becomes bankrupt or insolvent. Thus, our reasoning in Musser is applicable here and we find that Mead is self-insured in the practical sense.
 {¶ 23} Because Mead is self-insured in the practical sense, R.C.3937.18 is not applicable and Travelers had no obligation to offer Mead uninsured/underinsured motorist coverage. Thus, we find that the trial court erred in determining that the Ruckers were entitled to coverage under this policy and by denying Travelers motion for summary judgment with respect to this policy. Our disposition of Travelers' first argument renders its remaining arguments moot and we do not address them. Accordingly, we sustain Travelers' only assignment of error and reverse the trial court's judgment.
JUDGMENT REVERSED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED and the cause remanded to the trial court for further proceedings consistent with this opinion, costs herein taxed to appellees.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Evans, P.J. and Abele, J.: Concur in Judgment and Opinion.
[1] In August 2002, we consolidated Ross App. Nos. 02CA2670, 02CA2673, 02CA2676, and 02CA2677 for purposes of filing of the record, briefing, oral argument and decision. We now vacate the part of that order that consolidated these cases for purposes of decision.
[2] On March 15, 2002, the Ruckers also sought summary judgment against Progressive, which the trial court granted in part and denied in part, and which both parties appealed to this court in case numbers 02CA2670 and 02CA2676.
[3] The Ruckers appealed the trial court's grant of partial summary judgment as to the Commerical General Liability Policy Travelers in case number 02CA2677.
[4] R.C. 3937.18 has been amended since the Ruckers' accident. The amendments do not apply to our analysis here. Ross v. FarmerIns. Group (1998), 82 Ohio St.3d 281, 287.
[5] We acknowledge that other courts have reached the opposite conclusion. See, e.g., Tucker v. Wilson (Sep. 30, 2002), Clermont App. No. CA2002-01-002, 2002-Ohio-5142; Dalton v. Wilson (Aug. 8, 2002), Franklin App. No. 01-AP-014, 2002-Ohio-4015. In Musser, we welcomed the possibility of the Ohio Supreme Court resolving these conflicting decisions. We reiterate our invitation for the parties to file a motion to certify a conflict on this issue.